UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: National Arbitration Forum
Trade Practices Litigation,

Civil No. 09-1939 (PAM/JSM)

**MEMORANDUM AND ORDER**

This document relates to:
All Actions

---

This matter is before the Court on Motions to Stay Pending Appeal filed by Defendants Dispute Management Services, LLC, National Arbitration Forum, Inc., and National Arbitration Forum, LLC (collectively, "NAF"); and by Defendant Mann Bracken LLP. Defendants Accretive, LLC, and Agora did not file a separate Motion but filed memoranda in support of the Motions to Stay. For the reasons that follow, the Motions are denied.

**BACKGROUND**

Filed in October 2009, Plaintiffs' Amended Complaint alleges that Defendants operated a scheme to deprive consumers of fair arbitrations for their consumer debt disputes. NAF is by far the largest consumer-debt arbitrator in the nation. It is owned in part by Accretive and Agora, which are private equity firms that also hold an equity interest in Mann Bracken. Mann Bracken is a law firm that prosecutes, on behalf of lenders, more than half of the consumer-debt arbitrations brought before NAF arbitrators. Plaintiffs allege that these relationships caused NAF-sponsored arbitrations to be egregiously biased in favor of the lenders.

Defendants moved to dismiss the Amended Complaint in December 2009. In their motions, Defendants raised two general defenses to Plaintiffs' claims. First, Defendants contended that they were entitled to absolute arbitral immunity from suit. Second, Defendants argued that Plaintiffs' claims were preempted by the Federal Arbitration Act ("FAA"). The Court denied the motions to dismiss, finding that Defendants were not entitled to claim arbitral immunity at such an early stage of the litigation. The Court explained that "[i]f discovery bears out the extent of the biased, corrupt conduct Plaintiffs allege, then it cannot fairly be said that NAF's actions were 'within the scope of the arbitral process'" as required for arbitral immunity. (Feb. 22, 2010, Order (Docket No. 247) at 4.) The Court also determined that the FAA did not preempt Plaintiffs' claims. Defendants now contend that the Court must stay the case pending their appeal of the Court's decisions on immunity and preemption.

**DISCUSSION**

The power to stay proceedings is inherent in the Court's power to control its docket. Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936). Whether to issue a stay is within the Court's discretion. VData, LLC v. Aetna, Inc., No. 06-1701, 2006 WL 3392889, at *4 (D. Minn. Nov. 21, 2006).

Defendants argue that a stay is appropriate because the immunity determination is an immediately appealable order. In support of this argument, they cite a string of cases holding that an immediate interlocutory appeal is available for the denial of qualified immunity in the 42 U.S.C. § 1983 context. There is no doubt that the denial of qualified immunity to a

2

government actor in a § 1983 case is an immediately appealable order.  See Mitchell v. Forsyth, 472 U.S. 511, 525 (1985) (holding that "the denial of a substantial claim of absolute immunity is an order appealable before final judgment").  There is also little question that such an appeal often requires a stay of the underlying litigation.  See Johnson v. Hay, 931 F.2d 456, 459 n.2 (8th Cir. 1991) ("Once a notice of appeal has been filed in a case in which there has been denial of a summary judgment motion raising the issue of qualified immunity, the district court should then stay its hand.").  Even without a stay, of course, this Court may not make any determinations regarding the issues on appeal.  United States v. Ledbetter, 882 F.2d 1345, 1347 (8th Cir. 1989).

The first question is whether the Court's denial of arbitral immunity is an immediately appealable order.  It is not, for two reasons.  First, the immunity here, whether "absolute" or not, is not the same as the immunity that protects government actors.  As the Eighth Circuit has explained, the reason behind the interlocutory appeal exception for qualified immunity is that "public officials . . .should not be subjected to the harassment of suit and trial if in fact they took no actions in violation of clearly established constitutional rights.  Unless public officials have this protection, they will be afraid to fulfill their duties promptly and properly."  Chicago & N.W. Transp. Co., v. Ulery, 787 F.2d 1239, 1240 (8th Cir. 1986).

Defendants are not public officials.  As such, the interlocutory appeal doctrine does not apply to them.  See id. at 1240-41 (holding that interlocutory appeal doctrine does not apply to private parties).  There is no danger in this case that the public will suffer because public officials are afraid to fulfill their duties.  See, e.g., Lovell v. One Bancorp, 878 F.2d

3

10, 13 (1st Cir. 1989) (noting that interlocutory appeal doctrine stems "from a concern regarding the disruptive effect litigation has on effective government"). Defendants are private actors, and whatever threat litigation has on their actions is simply not a matter of public concern. Thus, it is likely that the Court of Appeals will dismiss their appeal as improperly taken.

Second, the procedural posture of this case renders Defendants' appeal meritless and a stay is therefore not warranted. As noted above, the Court did not determine that Defendants were forever foreclosed from claiming immunity. Rather, looking only at the Plaintiffs' allegations as required on a motion to dismiss, the Court determined that those allegations raised a plausible claim that Defendants were not entitled to arbitral immunity. Discovery may refute the allegations and, if it does, Defendants can and no doubt will raise the immunity issue in a motion for summary judgment.

The next question is whether the Court is required to or advised to stay this matter pending the appeal. The cases Defendants cite in support of their request for a stay are simply not on point. "Once a notice of appeal has been filed in a case in which there has been <u>denial of a summary judgment motion</u> raising the issue of qualified immunity, the district court should then stay its hand." <u>Johnson</u>, 931 F.2d at 459 n.2 (emphasis added); <u>see also</u> <u>Apostol v. Gallion</u>, 870 F.2d 1335, 1338 (7th Cir. 1989) ("The justification for the interlocutory appeal is that <u>the trial</u> destroys rights created by the immunity.") (emphasis added). This case is far from summary judgment and trial; discovery has just begun. There is no danger that Defendants will be forced into a trial on the merits when they should be

4

immune from such proceedings. A stay is neither required nor appropriate at this juncture.

Defendants also contend that the Court should stay the case because a reversal on the preemption issue would effectively dispose of the case against them. There is not, however, a final-order exception for dispositive issues. If there were, the Court of Appeals would consider every interlocutory appeal because every issue is, in some sense, dispositive. Defendants are not entitled to a stay.

**CONCLUSION**

Defendants have not established either that their appeals are well taken or that they are entitled to a stay of the case while the appeals are pending. Accordingly, **IT IS HEREBY ORDERED** that:

1. NAF's Motion to Stay Pending Appeal (Docket No. 251) is **DENIED**; and

2. Mann Bracken's Motion to Stay Pending Appeal (Docket No. 257) is **DENIED**.

Dated:   April 12, 2010

                                             *s/Paul A. Magnuson*
                                             Paul A. Magnuson
                                             United States District Court Judge